IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

JANET GRABOSKY,

    Plaintiff,

v.

ALLSTATE FIRE & CASUALTY INSURANCE,

    Defendant.

## NOTICE OF REMOVAL

The Defendant, Allstate Fire and Casualty Insurance Company, through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Defendant states as follows:

1. On April 13, 2018, CT Corporation, as registered agent for Allstate Fire and Casualty Insurance Company, was served with Plaintiff's Complaint filed in the District Court, Boulder County, State of Colorado, captioned, *Janet Grabosky r v. Allstate Fire and Casualty Insurance Company*, Case No. 2018CV30329 (See, *Return of Service*, attached hereto as **Exhibit A**.)

2. Plaintiff, Janet Grabosky, filed her Complaint in Boulder County District Court on or about April 11, 2018. (See, *Complaint*, attached hereto as **Exhibit B.**)

3. At all relevant times, Plaintiff was a resident of the State of Colorado. (See **Exhibit B**, ¶ 2.)

4. A copy of the Summons and Civil Case Cover Sheet served on Defendant are attached hereto as **Exhibit C** and **Exhibit D**.

5. On May 4, 2018, Defendant filed its Unopposed Motion for Extension of Time, seeking an extension up to and including May 14, 2018, within which to file a responsive pleading. **Exhibit E**.

6. At all relevant times, Defendant was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. Defendant is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

7. The underlying event for this case is a motor vehicle accident involving Plaintiff Janet Grabosky on December 29, 2014. (See **Exhibit B,** ¶ 6, hereinafter "the Accident"). Plaintiff Janet Grabosky alleges that the accident was caused by an at-fault driver. (See **Exhibit B,** ¶10.)

8. Plaintiff's claim against Defendant asserts three claims for relief: (1) breach of contract; (2) first party statutory claim under C.R.S. 10-3-1116 and (3) bad faith.

9. According to her Complaint, Plaintiff claims to have incurred damages including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity and permanency and/or impairment, disfigurement, and disability. (See **Exhibit B,** ¶59.)

10. In Plaintiff's Complaint, in addition to the claimed injuries and damages set forth above, pursuant to C.R.S. § 10-3-1116, Plaintiff seeks two times the covered underinsured benefit, plus reasonable attorney fees and court costs. (See **Exhibit B**, ¶ 66.)

11. When the complaint itself does not set forth the specific amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendant must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

12. Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim. *Id*. While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id*.

13. Plaintiff made a demand to Defendant to tender the benefits owed via correspondence dated December 30, 2016, stating that Plaintiff had incurred medical expenses of $8,958.90, and that Plaintiff would need a 4 level ACDR surgery due to injuries suffered in the collision in the estimated amount of $172,684.40. (See, **Exhibit F**, Plaintiff's December 30, 2016 demand letter.)

14. At all times relevant to this action, Plaintiff was insured under a policy issued by Defendant with coverage for uninsured/underinsured motorist benefits with limits of $100,000/$300,000. (See, **Exhibit B**, ¶39.)

15. Plaintiff and Defendant do not agree on the value of Plaintiff's claims for benefits.

16. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, 2013WL6673066, (Colo.App. 2013), if Plaintiff proves her damages are equal to or

exceed $100,00.00, and those benefits were unreasonably delayed and denied, she is entitled to collect her $100,000.00, plus two times the covered benefit, or an additional $200,000.00. These values exceed the jurisdictional threshold.

17. Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

18. Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit D**, District Court Civil Case Cover Sheet.) The Civil Cover Sheet is considered an "other paper" under §1446(b)(3), which can be considered as support for a removal notice regarding the amount in controversy. *See Paros Properties, LLC v. Colorado Casualty Insurance Company, et al.*, 2016 WL 4502286, (10th Cir. 2016) (concluding that civil cover sheet filed in Colorado state court with complaint against insurer was an "other paper" that provided insurer with adequate notice that the case was removable on diversity grounds).

19. Once the facts have been established, uncertainty about whether the plaintiff can prove her substantive claims, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

20. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

21. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ."

22. Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

23. Since Plaintiff's initial Complaint was served on April 13, 2018, the time period for allowance of removal has not expired.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Boulder County District Court to the United States District Court of Colorado.

DATED: May 4, 2018

Respectfully submitted,

By: *s/ Kurt H. Henkel*
Kurt H. Henkel
Cheri R. Lazar
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO 80111-6714
Phone: (303) 694-9300
Fax: (303) 694-9370
E-mail: khh@tucker-holmes.com and crl@tucker-holmes.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph A. Sirchio
DezaRae D. LaCrue
Franklin D. Azar & Associates, P.C.
14426 E. Evans Avenue
Aurora, CO  80014
lacrued@fdazar.com
sirchioj@fdazar.com
*Attorneys for Plaintiff*

      *The duly signed original held in the file located at Tucker Holmes, P.C.*

      */s/ Kurt H. Henkel*
      Kurt H. Henkel