| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br><br>Court Address: 1777 6th Street,<br>            Boulder, CO 80306 | DATE FILED: April 11, 2018 12:04 PM<br>FILING ID: 9157A13FE774E<br>CASE NUMBER: 2018CV30329 |
| Plaintiff: JANET GRABOSKY<br><br>v.<br><br>Defendant: ALLSTATE FIRE & CASUALTY INSURANCE | ▲COURT USE ONLY▲<br>_____ |
| Counsel for Plaintiff<br>DezaRae D. LaCrue #40290<br>Joseph A. Sirchio, #44675<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Ave.<br>Aurora, CO, 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail: Sirchioj@fdazar.com<br>E-Mail: lacrued@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff, Janet Grabosky, by and through her attorneys, DezaRae D. LaCrue and Joseph A. Sirchio of Franklin D. Azar & Associates, for her Complaint, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Mrs. Grabosky was injured in a car collision on December 29, 2014, (hereinafter the "collision") and described in more detail below.

2. Mrs. Grabosky is an individual and resident of the State of Colorado, County of Larimer.

3. Defendant, Allstate Fire and Casualty Insurance, ("Allstate") is a corporation doing business throughout the state of Colorado, including Boulder County.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

5. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

6. On or about December 29, 2014, at approximately 5:15pm Mrs. Grabosky was rear-ended by Tylor Riveria in Longmont, Colorado.

EXHIBIT B

7. Mrs. Grabosky was driving a 1999 Lexus 300RX.

8. Mr. Riveria was driving a 1997 Ford Explorer.

9. Mrs. Grabosky was stopped for traffic.

10. Mr. Riveria failed to stop in time and collided with the rear of Mrs. Grabosky's vehicle.

11. Mrs. Grabosky's vehicle suffered damage.

12. Mrs. Grabosky did not contribute to the collision.

13. Mrs. Grabosky was not contributorily negligent.

14. Mr. Riveria was insured by Progressive Insurance.

15. Mr. Riveria's liability limits through Progressive were $100,000.00.

16. Mr. Riveria's insurance company accepted full liability for causing the collision.

17. Mrs. Grabosky notified Allstate of the December 29, 2014, collision.

18. Mrs. Grabosky settled with Progressive for Mr. Riveria's policy limits.

19. Allstate gave Mrs. Grabosky permission to settle with Mr. Riveria for her policy limits of $100,000.00

20. Mrs. Grabosky has fully cooperated with Allstate in their investigation of his claim.

21. Allstate has received Mrs. Grabosky's medical records from Dr. Fernando Techy.

22. Allstate knows that Dr. Fernando Techy has recommended that Mrs. Grabosky undergo a C3-4, C4-5, C5-6 and C6-7 anterior cervical discectomies and fusions.

23. Allstate knows that Mrs. Grabosky did not treat for neck pain prior to the collision.

24. Allstate knows that Mrs. Grabosky was asymptomatic for neck pain prior to the collision.

25. Allstate has never requested to speak with Dr. Fernando Techy.

26. Dr. Fernando Techy is an orthopedic surgeon.

27. Dr. Fernando Techy is a fellowship trained Spine Surgeon.

28. Allstate requested that Mrs. Grabosky undergo a IME with Dr. Gregory Arends.

29. Mrs. Grabosky underwent an IME with Dr. Gregory Arends.

30. Dr. Gregory Arends is a physiatrist.

31. Allstate has the right to request Mrs. Grabosky undergo an IME with any doctor of Allstate's choosing.

32. Dr. Arends reported, "that the 12/29/14 accident did cause the patient to be symptomatic."

33. Allstate knows that Mrs. Grabosky's pre-existing cervical degeneration made her more susceptible to injury from the December 29, 2014, collision.

34. Allstate has received fully executed medical authorizations from Mrs. Grabosky.

35. Allstate has never disputed that Mrs. Grabosky suffered injuries in the collision.

36. Allstate has no reasonable basis to dispute that Mrs. Grabosky has suffered physical impairment as a result of the collision.

37. Allstate has no reasonable basis to dispute that Mrs. Grabosky has suffered permanent impairment as a result of the collision.

38. Mrs. Grabosky's future collision related medical treatment will exceed Allstate's policy limits.

39. At all times relevant to this action, Mrs. Grabosky was covered by an automobile liability insurance policy issued by Allstate that provided underinsured motorist benefits pursuant to C.R.S. 10-4-609(4) (2007) in the amount of $100,000.00.

40. Allstate has a duty to fairly and honestly evaluate Mrs. Grabosky's claim

41. Allstate has a duty to fairly compensate Mrs. Grabosky for her collision related injuries in excess of Mr. Riveria's policy limits up to the amount of Mrs. Grabosky's policy limits.

42. Allstate is liable for Mrs. Grabosky's damages in excess of those paid by Mr. Riveria that are caused by the collision.

43. Allstate used a software program to reduce Mrs. Grabosky's medical bills.

44. This reduction of medical bills by Allstate was not done when it paid medical payment benefits to Mrs. Grabosky's medical providers.

45. Allstate knows that individuals have almost no ability to negotiate their medical bills on their own behalf.

46. Allstate knows that its repricing of medical bills incurred by its insured is an arbitrary method of reducing the benefits it pays out to the detriment of its insured.

47. Allstate used a software program, Colossus, to assess Mrs. Grabosky's non-economic damages

48. Upon information and belief, Allstate has failed to investigate the cost of Mrs. Grabosky's future medical care related to her cervical injury.

49. Upon information and belief, Allstate has failed to investigate the impact Mrs. Grabosky's cervical injury will have on her future quality of life.

50. Allstate has failed to make a reasonable offer to Mrs. Grabosky for her underinsured motorist benefits.

51. Allstate's incomplete investigation has resulted in delay of underinsured motorist benefits being paid to Mrs. Grabosky.

52. Allstate has not paid any underinsured motorist benefits to Mrs. Grabosky under policy number 000917830144.

53. Allstate's actions in Mrs. Grabosky's case fail to meet the standard set for in Allstate's own claim handling manual.

54. Allstate has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

**PLAINTIFFS' FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

55. Mrs. Grabosky incorporates all previous allegations as though fully set forth herein.

56. Sometime prior to the motor vehicle collision, Mrs. Grabosky entered into a contract with Allstate for the purpose of obtaining automobile insurance coverage, including uninsured and underinsured motorist coverage. At all times pertinent to the within action, Mrs. Grabosky has complied with all conditions precedent to coverage under the insurance policy issued by Allstate to Mrs. Grabosky.

57. Mrs. Grabosky advised Allstate of a claim for seeking underinsured motorist benefits under its insurance policy, and otherwise fully cooperated with Allstate in connection with the claim.

58. Mrs. Grabosky is an intended beneficiary of Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

59. Mrs. Grabosky is entitled to be compensated by Allstate for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, disfigurement, and disability, under the terms of the underinsured motorist coverage policy.

60. Allstate has breached its contract with Mrs. Grabosky by denying benefits owed under the insurance contract.

61. Allstate breached its contract with Mrs. Grabosky in other ways, including but not limited to its evaluation.

62. As a direct and proximate result of Allstate's breach of contract, Mrs. Grabosky has incurred damages in the amount to be proved at the time of trial.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

63. Mrs. Grabosky incorporates all prior allegations as though fully set forth herein.

64. Allstate has denied and delayed payment of under-insured motorist benefits to Mrs. Grabosky without a reasonable basis for its action.

65. Allstate's unreasonable position and conduct has caused Mrs. Grabosky damage by the loss of the compensation that is due to her and which Allstate should have previously paid to her.

66. In accordance with C.R.S. §10-3-1116, Mrs. Grabosky is entitled to recover from Allstate two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF
### (BAD FAITH)

67. Mrs. Grabosky incorporates all prior allegations as though fully set forth herein.

68. Allstate owed Mrs. Grabosky a duty to act in good faith in reviewing, adjusting and settling her claims.

69. Allstate's duty to act in good faith in reviewing, adjusting and settling Mrs. Grabosky's claim continues during this litigation.

70. Allstate has breached its duty to Mrs. Grabosky by denying benefits owed under the insurance contract pursuant to *Fisher v. State Farm*, 2015 WL 2198515 (Colo. App. 2015).

71. Allstate breached its duty to Mrs. Grabosky in other ways, including but not limited to its evaluation.

72. Allstate breached its duty to Mrs. Grabosky, its insured, and acted in bad faith, by engaging in the following, among other acts:

   (a) Compelling Mrs. Grabosky to institute litigation to recover amounts due to her under the under-insured motorist bodily injury liability benefits afforded Mrs. Grabosky under the insurance policy;
   (b) Favoring the interests of Allstate, an insurer, over those of Mrs. Grabosky, an insured, to whom Allstate owes fiduciary and statutory duties;
   (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Mrs. Grabosky suffered at the hands of an under-insured motorist;
   (d) Failing to investigate Mrs. Grabosky's future medical expenses;
   (e) Failing to consider the full amount of Mrs. Grabosky's medical bills;
   (f) Failing to input full and accurate information into Colossus for evaluation of Mrs. Grabosky's non-economic damages;
   (g) Incompetently evaluating Mrs. Grabosky's claim.
   (h) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement; and
   (i) Failing to conduct an investigation into Mrs. Grabosky's damages.

73. Allstate's actions are unreasonable.

74. Allstate's actions are careless.

75. Allstate's actions are reckless.

76. Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

77. As a direct result of Allstate breaching its duties owed to its insured, Mrs. Grabosky has been damaged including, but not necessarily limited to:

   (a) Being forced to incur additional costs in litigation;
   (b) Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Allstate; and
   (c) Being deprived of the use of funds.

   WHEREFORE, Mrs. Grabosky prays for judgment against Allstate for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Mrs. Grabosky claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted: April 11, 2018.

                                        FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                        By: /s/ *Joseph A. Sirchio*
                                        Joseph A. Sirchio, #44675
                                        DezaRae D. LaCrue, #40290
                                        COUNSEL FOR PLAINTIFF

Plaintiff's Address:
2601 Blue Mountain Ave.
Berthoud, CO 80513